UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON SCOTT LAVERGNE (#424229)              CIVIL ACTION

VERSUS

THE ADVOCATE OF BATON ROUGE                  NO. 13-0434-JJB-RLB

### ORDER

This matter comes before the Court on the plaintiff's Motion to Reinstate Suit, rec.doc.no. 6, which the Court interprets to be a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The petitioner contends in this motion that this matter should not have been dismissed because of his failure to timely correct deficiencies. He contends that he complied with the Court's directives and forwarded documentation to the Court in an attempt to correct the noted deficiencies, and the Court erred, therefore, in dismissing the above-captioned proceeding.

The plaintiff is not entitled to the relief requested. Pursuant to correspondence dated July 15, 2013, rec.doc.no. 2, the Court directed the petitioner to resubmit his complaint within twenty-one (21) days on the Court's approved complaint form – a blank copy of which was attached to the referenced correspondence – and within such time, to either pay the cost of filing suit or submit a properly completed motion to proceed in forma pauperis and Statement of Account, certifying to the average six-month deposits and balance in his inmate account(s). Id. The plaintiff was specifically advised that, "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice." Id.

Notwithstanding the explicit admonition noted above, the plaintiff failed to comply with the

Court's instructions as directed and failed to seek additional time within which to do so. Specifically, although he provided the Court with a properly completed motion to proceed in forma pauperis and Statement of Account, he failed to re-submit his complaint on the Court's approved complaint form. Accordingly, by Ruling and Judgment entered herein on August 15, 2013, this action was dismissed. See rec.doc.nos. 4 and 5. Now, in the instant motion, the plaintiff has again submitted a motion to proceed in forma pauperis and Statement of Account, but he has still not re-submitted his complaint on the Court's approved complaint form and has not provided any explanation for his failure to do so. Accordingly, he has not shown good cause for the failure to comply with the Court's directives, and the instant motion shall be denied.[1]

**IT IS ORDERED** that the plaintiff's Motion to Reinstate Suit, rec.doc.no. 6, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___ day of September, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that the plaintiff's Complaint appears to fail to state a claim or cause of action cognizable in this Court in any event. Both the plaintiff and the named defendant are citizens of the State of Louisiana, and the plaintiff, therefore, has no basis for the invocation of diversity jurisdiction under 28 U.S.C. § 1332. Moreover, with regard to the plaintiff's attempt to invoke federal subject matter jurisdiction under 28 U.S.C. § 1331, by reference to the alleged violation of his constitutional rights under the First, Fifth and Fourteenth Amendments to the United States Constitution, the plaintiff's factual allegations do not appear to support such a claim. Although he complains of alleged libelous statements published by the defendant newspaper, the law is clear under 42 U.S.C. § 1983 (which is the vehicle through which litigants may seek redress for violations of their constitutional rights), that mere injury to reputation, without more, is not a liberty interest protected under the United States Constitution. See Siegert v. Gilley, 500 U.S. 226, 234 (1991), citing Paul v. Davis, 424 U.S. 693, 711-12 (1976). Accordingly, the plaintiff's claim asserted against the defendant relative to "slanderous and inaccurate statements" published in the defendant newspaper is not a claim of constitutional dimension and is not properly before the Court.